IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KENNETH O. McHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:05CV01168 |
| ) | |
| NORTH CAROLINA MUTUAL LIFE ) | |
| INSURANCE CO., BURT COLLINS ) | |
| ROBERT W. NORRIS, CARLTON ) | |
| SPAULDING, CHARLES WELCH, ) | |
| and FERRIS A. COLEMAN, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

TILLEY, District Judge

This matter is before the Court on Defendant North Carolina Mutual Life Insurance Co.'s ("Mutual Life") motions to dismiss [Docs. # 7, 22], Mr. McHam's motions to amend the amended complaint [Docs. # 14, 25], Mr. McHam's motions for default judgment as to individual defendants [Docs. # 16, 17, and 18], Mr. McHam's motion requesting an FBI investigation into the matters contained in his amended complaint [Doc. # 43], and Mr. McHam's motion to disqualify Mutual Life's counsel [Doc. # 51]. On October 26, 2006, the United States Magistrate Judge recommended that Mutual Life's motions to dismiss be granted and found that the remaining motions should be denied as MOOT. [Doc. # 49]. Mr. McHam filed objections to the Recommendation on October 30, 2006 [Docs. # 52, 53].

For the reasons set forth below, Mr. McHam's motions to amend the

amended complaint are GRANTED, Mutual Life's motions to dismiss are GRANTED as to the federal claims, the remaining motions are DENIED as MOOT, and this action is DISMISSED.

I.

The facts in the light most favorable to Mr. McHam are as follows.[1] From 1984 to September 1992, Mr. McHam was employed by Mutual Life as an insurance agent. Shortly prior to his resignation from Mutual Life, Mr. McHam challenged the manner in which Mutual Life calculated his commissions. The accounting issue was not resolved in Mr. McHam's favor, and it appears that this may have led, at least in part, to the termination of his employment relationship with Mutual Life.

After Mr. McHam's departure, Mutual Life apparently learned that Mr. McHam was continuing to represent himself as a Mutual Life agent. From October 1992 to late September 1994, defendants sent a letter or "news bulletin" to Mr. McHam's clients informing them that Mr. McHam was no longer working for Mutual Life. Mr. McHam claims that the contents of the letter were false and misleading and that the sending of this letter violated his civil rights. Mr. McHam further asserts that the individual defendants, each of whom are either current or

---

[1] Mr. McHam has filed two motions to amend the amended complaint. Mutual Life has not filed any opposition to the requested amendments. Therefore, the motions to amend [Docs. # 14, 25] are GRANTED as unopposed. The factual allegations contained in each of the proposed amended complaints will be considered.

former employees of Mutual Life, harassed, intimated, and threatened him during his employment with Mutual Life.  Mr. McHam alleges that the defendants agreed to violate his civil rights and created a hostile work environment during the time of his employment.   In particular, Mr. McHam asserts that the individual defendants (or an individual defendant) made racial slurs towards him at work, sprayed him with poison bug spray, wrongfully denied him accounts and policies that he had earned, and attempted to frame him for the theft of money from the Mutual Life district office.

More recently, specifically from March 2004 "to this present time," Mr. McHam asserts that the defendants have harassed him and his girlfriend by, among other things, threatening to kill him, conspiring to have his girlfriend "gang raped" by "drug boys" on several occasions, and holding his girlfriend hostage.  Mr. McHam also states that in October 2005, he was falsely arrested and imprisoned by the Winston-Salem Police Department purportedly for failing to take his VA medication.  Because the wife of one of the individual defendants is a police officer in Winston-Salem, Mr. McHam asserts that his arrest was the result of a conspiracy between the defendants and the Winston-Salem Police Department.

Mr. McHam initially filed the *pro se* complaint in this matter on December 30, 2005.  This initial complaint asserted causes of action for fraudulent misrepresentation, breach of contract, and unfair trade practices.  On March 29, 2006, Mr. McHam filed an amended complaint in which he added a claim for

3

intentional infliction of emotional distress. In his most recent motion to amend, Mr. McHam seeks to add claims for violations of 42 U.S.C. § 1985(2), § 1985(3), and § 1986. Mutual Life has filed motions to dismiss both the original complaint and the amended complaint citing Rules 8, 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure.

II.

As one argument in support of its motions to dismiss, Mutual Life asserts that Mr. McHam's claims are barred by the applicable statutes of limitations.

A.

With respect to Mr. McHam's allegations regarding violations of 42 U.S.C. § 1985, it is well-established that federal courts should apply the state statute of limitations for personal injury actions in claims brought pursuant to the civil rights statutes. See, e.g., Owens v. Okure, 488 U.S. 235, 240 (1989) (explaining that 42 U.S.C. § 1988 requires courts "to borrow and apply . . . the most analogous state statute of limitations" in actions alleging violations of civil rights); see also McCausland v. Mason County Bd. of Educ., 649 F.2d 278, 279 (4th Cir. 1981) (holding that "in the absence of any state statute of limitations specifically applicable to suits to redress a violation of civil rights, the [state] limitation on personal injury actions applies").

In North Carolina, civil rights claims are subject to a three-year statute of limitations. Kornegay v. Burlington Indus., Inc., 803 F.2d 787, 788 (4th Cir.1986)

(citing N.C. Gen. Stat. § 1-52 and applying three-year statute of limitations to claim under 42 U.S.C. § 1981). Since Mr. McHam's complaint was filed on December 30, 2005, the basis of his civil rights claims are limited to conduct that occurred on or after December 30, 2002.

The bulk of Mr. McHam's factual allegations involve conduct allegedly committed by the defendants during Mr. McHam's employment with Mutual Life. Mr. McHam's employment with Mutual Life ended in 1992. Therefore, none of the acts allegedly committed by any of the defendants during the term of Mr. McHam's employment with Mutual Life may serve as a basis for recovery against the defendants.

B.

Unlike § 1985, however, § 1986 contains an explicit statute of limitations of one year. 42 U.S.C. § 1986 ("But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."); Burnett v. Grattan, 468 U.S. 42, 48-49 (1984) (discussing statutes of limitations applicable in cases involving "Civil Rights Acts").

In sum, none of the conduct that allegedly occurred while Mr. McHam was employed by Mutual Life may serve as the basis for a claim pursuant to 42 U.S.C. § 1985 or § 1986.

III.

A motion to dismiss for failure to state a claim is intended to test the legal

5

sufficiency of the complaint, not to decide the merits of the action. Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991); Food Lion, Inc. v. Capital Cities/ABC, Inc., 887 F. Supp. 811, 813 (M.D.N.C. 1995). In considering a Rule 12(b)(6) motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). However, as the Supreme Court has recently instructed, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, No. 05-1126, 2007 WL 1461066, at *8 (U.S. May 21, 2007) (internal quotations and citations omitted).

A.

Mr. McHam has alleged violations of 42 U.S.C. § 1985(2) and § 1985(3). Section 1985(2) contains two separate clauses, each prohibiting a specific type of conduct. The first clause "proscribes intimidation of witnesses in federal courts." Kush v. Rutledge, 460 U.S. 719, 722 (1983); 42 U.S.C. § 1985(2) (prohibiting "two or more persons" from conspiring "to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court or

6

from testifying to any matter pending therein").[2]

In support of his claim pursuant to § 1985(2), Mr. McHam asserts that, from March 2004 to the present time, the defendants have paid co-conspirators to threaten to kill, harass, and intimidate his girlfriend, whom he asserts is a federal witness. Mr. McHam further asserts that the defendants have conspired to hold his girlfriend hostage in her own home. Even assuming that the alleged conduct would constitute a violation of § 1985(2), Mr. McHam does not have standing to assert a claim for violations of his girlfriend's civil rights. Thus, to the extent the § 1985(2) claim is based on conduct that violated the civil rights of Mr. McHam's girlfriend, the claim is DISMISSED for lack of standing.

In addition, Mr. McHam alleges that the defendants conspired to interfere with judicial process by having him falsely arrested in order to delay the filing of the complaint in this case. It is questionable whether taking actions to delay the filing of a proceeding would constitute preventing a witness from attending court or testifying in court, as proscribed by the first clause of § 1985(2). Compare Kimble v. D.J. McDuffy, Inc., 648 F.2d 340, 348 (5th Cir.) (en banc), cert. denied, 454 U.S. 1110 (1981) (considering the plain language of the statute and holding

---

[2]It does not appear that the second clause of §1985(2), which "applies to conspiracies to obstruct the course of justice in state courts," Kush, 460 U.S. at 725, is applicable to this case. Although it appears that Mr. McHam has previously filed suits against the defendants in the state courts of North Carolina, the allegations regarding witness intimidation appear to be limited to this case in that Mr. McHam refers to his girlfriend as a federal witness.

7

that only a party's physical presence while attending or testifying in federal court is protected by § 1985(2)) with Wright v. No Skiter Inc., 774 F.2d 422, 425-26 (10th Cir. 1985) (holding that for purposes of § 1985(2), an individual is deemed to have attended federal court when he files a lawsuit).  However, it is not necessary to make this determination, because, as discussed below, Mr. McHam's conspiracy claims fail on a more basic level.

B.

Section 1985(3) creates a cause of action for victims injured by the overt acts of "two or more persons" who conspire "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985(3).  The law is well settled that to establish a cause of action for conspiracy to deny civil rights under § 1985(3) a plaintiff must prove: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.  See Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995).

An essential element of a claim under both sections 1985(2) and 1985(3) requires a plaintiff to establish that two or more persons conspired to deprive the plaintiff of his constitutional rights.  To prove a "conspiracy of two or more

8

persons," the plaintiff must produce evidence demonstrating an agreement, or a "meeting of the minds," between the defendants to violate the plaintiff's Constitutional rights.  See id. at 1377.  As the Simmons court noted, the Fourth Circuit "has rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy" and has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts."  Id.

In support of his 1985(3) claim, Mr. McHam asserts:

All the Defendants, conspirators, did pay drug boys, crack heads to interferred with the Filing of this Complaint, by grossly delaying the Plaintiff from drawn up and Filing this Complaint, (1:05CV1168) in October 7, 2005 The Plaintiff was fasely ARRested by the Winston-Salem, N.C. Police.  (Reason) Being W/S Police said I did not take my VA medicine I smell a Rat, The False Arrest and False imprisonment is against the LAW.  Defendant Robert W. Norris wife is a Winston-Salem N.C. Cop.  The Defendant, conspirator Robert W. Norris and his wife coconspirator conspired and planned to stop the Plaintiff from filing a complaint in around October 7, 2005.

In essence, Mr. McHam asserts that the defendants conspired to delay the filing of this lawsuit by having him falsely arrested by the Winston-Salem Police Department and that because the wife of one of the individual defendants is a Winston-Salem police officer, the individual defendants conspired with the Winston-Salem Police Department to have him arrested.  However, there is nothing in the various drafts of the complaint that would indicate there was any agreement among the defendants to have Mr. McHam arrested, much less for the purpose of delaying the filing of the complaint in this matter.

9

Mr. McHam's conclusory allegation of conspiracy simply will not satisfy the Fourth Circuit's "relatively stringent standard for establishing section 1985 conspiracies." Simmons, 47 F.3d at 1377. In Brisset v. Paul, No. 97-6898, 1998 WL 195945 (4th Cir. Apr. 6, 1998), the Fourth Circuit had occasion to review application of the Simmons standard to a § 1985(3) claim that had been dismissed by the district court pursuant to Rule 12(b)(6). The approach of the Brissett court is instructive here.

In Brissett, the plaintiff alleged that the defendants conspired with one another: (1) "to deprive him of his constitutionally protected rights"; (2) "to deny a citizen's complaint he filed against [a fellow officer]"; and (3) to find him guilty of "charges of non-conformance to law and conduct unbecoming a police officer." Citing Simmons, the Brissett court found that the complaint was properly dismissed because the plaintiff "offered only unsupported, conclusory allegations that lacked a factual basis." Id. at *2. Mr. McHam's allegation that the defendants conspired to delay the filing of the complaint in this matter similarly lacks the factual basis regarding an agreement or meeting of the minds that was fatal to the complaint in Brisset. In light of the stringent Fourth Circuit standard, Mr. McHam's claims under § 1985(2) and § 1985(3) fail because he has not sufficiently pled the existence of a conspiracy.

Moreover, even assuming that the false arrest allegation sufficiently alleges a conspiracy and even assuming that falsely arresting Mr. McHam for the purpose of

10

preventing him from filing the complaint in this matter would constitute the deprivation of a federal right, Mr. McHam has not alleged that these actions were prompted by racial or other class-based animus, which must be alleged in order to state a claim under § 1985(3). The only allegations in the amended complaints regarding racial animus involve the statements made to Mr. McHam by one of the individual defendants during the time that he was employed at Mutual Life. As noted above, any allegations with respect to that time frame cannot support a § 1985(3) claim.

Because Mr. McHam's complaint contains only a "formulaic recitation of the elements" of a cause of action pursuant to sections 1985(2) and 1985(3), Mr. McHam's complaint may properly be dismissed for failure to state a claim pursuant to Rule 12(b)(6). Mutual Life's motions to dismiss the § 1985(2) and § 1985(3) claim are GRANTED, and those claims are DISMISSED.

C.

Section 1986 imposes liability on those who know of conspiracies as described in section 1985 and who have the power to prevent the conspirators from acting but who fail to do so. See generally Clark v. Clabaugh, 20 F.3d 1290, 1295-96 (3d Cir. 1994) (setting out elements of section 1986 claim). An important element of proving a section 1986 violation is proving an underlying section 1985 violation. Mr. McHam's § 1986 claim must be DISMISSED because he has failed to allege a § 1985 claim.

11

IV.

Mr. McHam has alleged numerous state law violations. Each of the federal claims in the case have been disposed of through dismissal, and the Court declines to exercise jurisdiction over Mr. McHam's state law claims. 28 U.S.C. § 1367(c)(3). Therefore, the remaining claims are DISMISSED.

Mr. McHam's motions to amend the amended complaint [Docs. # 14, 25] are GRANTED, Mr. McHam's motions for default judgment as to individual defendants [Docs. # 16, 17, and 18] are DENIED as MOOT, Mr. McHam's motion requesting an FBI investigation into the matters contained in his amended complaint [Doc. # 43] is DENIED as MOOT, and Mr. McHam's motion to disqualify Mutual Life's counsel [Doc. # 51] is DENIED as MOOT.

North Carolina Mutual Life Insurance Co.'s Motions to Dismiss [Docs. # 7 and 22] are GRANTED as to the federal claims. The state law claims of the Second Amended Complaint are DISMISSED because the Court declines to exercise supplemental jurisdiction.

This the day of June 11, 2007

    /s/ N. Carlton Tilley, Jr.
United States District Judge